IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JESSE YOAKUM, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENUINE PARTS COMPANY, a Georgia Corporation, AUTHORIZED MOTOR PARTS CORPORATION d/b/a NAPA AUTO PARTS, a Georgia Corporation, and WARREN OIL COMPANY, LLC, an Arkansas Corporation<br><br>Defendants. | Case No. |

## NOTICE OF REMOVAL

Defendant Warren Oil Company, LLC ("Warren Oil"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this civil action from the Circuit Court of Cass County, Missouri to the United States District Court for the Western District of Missouri, Western Division. In support, Defendant states as follows:

## I. THE STATE COURT ACTION

1. On July 30, 2019, Jesse Yoakum filed an action in the Circuit Court of Cass County, Missouri, captioned *Jesse Yoakum, on behalf of himself and others similarly situated, versus Genuine Parts Company, Authorized Motor Parts Corporation d/b/a/ Napa Auto Parts, and Warren Oil Company, LLC*, Case No. 19CA-CC00183 (the "Complaint"). A copy of the Complaint is attached as "Exhibit A-1."[1]

---

[1] Pursuant to 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, and orders that have been filed in the State Court Action are attached as "Group Exhibit A."

2. The Complaint alleges that, from 2014 to present, Defendants sold NAPA Quality Tractor Hydraulic and Transmission Fluid to consumers throughout the state of Missouri. Ex. A-1 ¶ 24. Defendants deceptively labeled and marketed their Tractor Hydraulic and Transmission Fluid to create an impression of quality and safety for use in consumers' equipment. *Id.* at ¶ 29. Contrary to manufacturer's specifications, Defendants allegedly used poor quality base oils, motor oil components, and diluted additives in their Tractor Hydraulic and Transmission Fluid product to reduce costs and increase profits. *Id.* at ¶¶ 34-35. Plaintiff contends that these poor-quality oils caused purchasers' equipment to suffer from various forms of wear and improper operation. *Id.* at ¶¶ 9, 34.

In October through December of 2017, Missouri's Department of Agriculture Division of Weights and Measures banned Defendants from offering "303" Tractor Hydraulic Fluid for sale in the state. *Id.* at ¶ 10. Plaintiff Jesse Yoakum claims that, prior to that ban, Defendants' "303" Tractor Hydraulic Fluid product harmed farm, construction, and logging equipment purchased by him and similarly situated Class Members. *Id.* at ¶¶ 10–11.

3. Upon this base set of allegations, Plaintiff brings claims against Defendants Genuine Parts Company, Authorized Motor Parts Corporation and Warren Oil Company for breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, fraudulent misrepresentation, unjust enrichment, negligent misrepresentation, and negligence. *Id.* at Counts I-VII.

4. Among other damages, Plaintiff seeks to recover all money paid by Plaintiff and the Class Members to Defendants for purchase of this "303" Tractor Hydraulic Fluid product. *Id.* at ¶ 61. From 2014 to present, Plaintiff alleges that 5 gallon buckets of this product were sold at

an average price $70.00. *Id.* at ¶ 25. The class includes all persons and other entities who purchased this product in the state of Missouri from July 26, 2014 to present. *Id.* at ¶ 61.

5. Exclusive of interest and costs, Plaintiffs request compensatory damages, punitive damages, disgorgement of profits, and attorneys' fees on behalf of themselves and the putative class members. *Id.* at ¶¶ 61; 120-121. Plaintiff also seeks to recover for any actual damage caused to equipment owned by Plaintiff and the Class members. *Id.* at ¶ 61.

6. Upon information and belief, Defendant Genuine Parts Company first received notice of this lawsuit when it was served on August 12, 2019.

7. Upon information and belief, Defendant Authorized Motor Parts Corporation first received notice of this lawsuit when it was served on August 12, 2019.

8. Defendant Warren Oil Company first received notice of this lawsuit when it was served on August 9, 2019.

9. As will be shown below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441. There is complete diversity of citizenship between Plaintiff and Defendants; the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and Defendants are filing the instant Notice of Removal within 30 days of August 9, 2019, the date that Warren Oil Company first received notice of the Complaint.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

10. The Complaint was served upon Genuine Parts Company and Authorized Motor Parts Corporation on August 12, 2019 and Warren Oil Company was served on August 9, 2019. Therefore, the removal of this action is timely in accordance with 28 U.S.C. § 1446(b) because the Notice of Removal was filed within 30 days of receipt by Defendant of a copy of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b).

11. Pursuant to 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, motions and orders that have been filed in the State Court Action are attached hereto as Group Exhibit A.

12. This Court embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

13. No previous application has been made for the relief requested herein.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the Circuit Court of Cass County, Missouri.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

15. The existence of federal jurisdiction is predicated upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different States, and there is a good faith basis to believe that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1441.

#### A. Complete Diversity of Citizenship Exists

16. Jesse Yoakam is a citizen and resident of Cleveland, Cass County, Missouri. Exhibit A-1, ¶ 13.

17. Genuine Parts Company is a Georgia corporation with its principal place of business in Atlanta, Georgia. *Id.* at ¶ 14. Accordingly, Genuine Parts Company is a citizen of Georgia for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

18. Authorized Motor Parts Corporation is a Georgia corporation with its principal place of business in Atlanta, Georgia. Exhibit A-1, ¶ 15. Accordingly, Authorized Motor Parts Corporation is a citizen of Georgia for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

19. Warren Oil Company, LLC is a North Carolina limited liability company with its principal place of business in West Memphis, Arkansas. An LLC's citizenship for the purposes of diversity jurisdiction is determined by the citizenship of its members. *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Warren Oil Company, LLC consists of four members: JRMF Investments, LLC, Trail Creek Investments LLC, Warren Oil Holding Company, Inc., and Warren Oil Management Company.

20. JRMF Investments in a North Carolina limited liability company with its principal place of business in Raleigh, North Carolina. None of its members are citizens of the state of Missouri.

21. Trail Creek Investments LLC a North Carolina limited liability company with its principal place of business in Raleigh, North Carolina. None of its members are citizens of the state of Missouri.

22. Warren Oil Holding Company, Inc. is a North Carolina corporation with its principal place of business in Dunn, North Carolina. Accordingly, Warren Oil Holding Company is a citizen of North Carolina for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

23. Warren Oil Management Company is a North Carolina corporation with its principal place of business in Dunn, North Carolina. Accordingly, Warren Oil Management Company is a citizen of North Carolina for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

24. Warren Oil Company has conferred with Genuine Parts Company and Authorized Motor Parts, and both co-defendants have consented to the removal of this civil action. The unanimous consent threshold is met when the removing defendant gives notice of its co-defendants' consent and the notice of removal was timely. *Griffioen v. Cedar Rapids & Iowa*

*City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015). Accordingly, all Defendants have provided consent in accordance with 28 U.S.C. §§ 1332, 1441 and 1446.

    **B.**     **The Amount in Controversy Exceeds $75,000.00**

25. For the amount in controversy requirement to be satisfied, a removing defendant must show that the plaintiff's claim against each defendant exceeds $75,000.00, exclusive of interest and costs. *See Trimble v. Asarco, Inc*., 232 F.3d 946, 961-63 (8th Cir. 2000).

26. In his Complaint, Plaintiff seeks to recover all money paid for his and the Class' purchase of "303" Tractor Hydraulic Fluid product. Exhibit A-1, ¶ 61. From 2014 to present, these 5 gallon buckets of product were sold at an average price $70.00. *Id.* at ¶ 25. In addition to recouping monies spent on this product, Plaintiff seeks to disgorge the Defendants of any profits realized in selling it. *Id.* at ¶¶ 120-121.

27. Additionally, Plaintiff seeks to recover actual damage caused to farm, construction, and logging equipment owned by him and other members of the Class members. *Id.* at ¶¶ 10; 61.

28. Plaintiff prays for the recovery of punitive damages,[2] which the Court may consider in its amount-in-controversy determination. *See Kopp v. Kopp*, 280 F.3d 883, 885-86 (8th Cir. 2002) (considering the plaintiff's request for punitive damages to determine the amount in controversy).

29. Plaintiff also prays for the recovery of his attorneys' fees incurred in prosecuting this action. Exhibit A-1, ¶¶ 61; 128. In determining the amount in controversy, attorney's fees are considered. *See Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

30. Due to the price of farm, construction, and logging equipment, the 5 year period encompassing Plaintiff's claims, and the damages at issue here (including punitive damages and

---

[2] Exhibit A-1, ¶¶ 61; 105; 128.

attorneys' fees), Warren Oil Company has a good faith basis to believe that the amount in controversy here exceeds the sum of $75,000.00, exclusive of interest and costs.

31. For the reasons set forth above, Defendant is entitled to remove this action to this Court under 28 U.S.C. § 1441.

WHEREFORE, Defendant Warren Oil Company hereby removes the action now pending against him in the Circuit Court of Cass County to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

Dated: September 9, 2019    Respectfully submitted,

By: /s/ *James C. Morris*
**James C. Morris, #53074**
**Gordon Rees Scully Mansukhani, LLP**
100 S. 4th Street, Suite 550
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
Email: jmorris@grsm.com
*Counsel for Warren Oil Company, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and sent a copy of the foregoing document via email and via first class mail, postage prepaid, addressed to:

*Attorneys for Plaintiff*

William Carr
Bryan T. White
White, Graham, Buckley, & Carr, LLC
119049 East Valley View Parkway
Independence, Missouri 64055
bcarr@wagblaw.com
bwhite@wagblaw.com

Thomas V. Bender
Dirk Hubbard
Horn Aylward & Bandy, LLC
2600 Grand, Ste. 1100
Kansas City, MO 64108
tbender@hab-law.com
dhubbard@hab-law.com

Clayton Jones
Clayton Jones, Attorney at Law
P.O. Box 257
405 W. 58 Hwy.
Raymore, MO 64083
claytonjoneslaw.com

Dated: September 9, 2019                                   Respectfully submitted,


                                            By:   /s/ *James C. Morris*
                                                  James C. Morris, #53074
                                                  **Gordon Rees Scully Mansukhani, LLP**
                                                  100 S. 4th Street, Suite 550
                                                  St. Louis, Missouri 63102
                                                  Tel: (314) 961-6686
                                                  Fax: (314) 338-3076
                                                  Email: jmorris@grsm.com
                                                  *Counsel for Warren Oil Company, LLC*

9