IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JESSE YOAKUM, *et al.*, <br> *on behalf of themselves and all others similarly situated,* <br><br> Plaintiffs, <br> v. <br><br> GENUINE PARTS COMPANY, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 19-00718-CV-W-BP |

## FINAL APPROVAL ORDER

Pending are Plaintiff's (1) Consent Motion for Final Approval of Class Settlement Agreement, (Doc. 236), and (2) Application for Service Awards for Class Representatives and for Award of Attorneys' Fees and Expenses Related to Class Settlement, (Doc. 234.)

## I. BACKGROUND

This case concerns allegations that Defendants, all of whom advertised and sold the same tractor hydraulic fluid ("THF") under various brand names, deceptively marketed their products as high-quality when, in reality, inferior ingredients were used, which caused purchasers' equipment to suffer increased wear and damages.

In June 2022—after a lengthy period of litigation involving motion practice, multiple amended pleadings, and discovery—the parties entered into a proposed settlement agreement and sought preliminary approval. (Doc. 225.) Then, in July 2022, the parties entered an Amended Class Settlement Agreement, and Plaintiffs filed a second Consent Motion for Preliminary Approval. (Doc. 227.) The Court granted the Motion, conditionally certified a class for purposes of settlement (the "Settlement Class"), directed that notice be distributed, and set a Final Approval Hearing for February 9, 2023. (Doc. 229.) At the request of the parties and based on information

from the Settlement Administrator, the Final Approval Hearing was rescheduled to March 9, 2023. (Docs. 231 & 232.)

The Amended Class Settlement Agreement requires Defendants create a Settlement Fund consisting of $10,850,000.00. (Doc. 227-1, p. 15.)[1] The funds will first be used to pay (1) class notice and administration expenses; (2) attorney's fees and expenses; (3) service awards to Class Representatives; and (4) any other expenses. (Doc. 227-1, p. 15.) The remaining funds (the "Net Settlement Fund") will be paid to Settlement Class Members, who will receive an amount based on the number of products purchased and any specific equipment damage claimed. (Doc. 227-1, p. 16.) Claim Forms exist for each type of payment. (Doc. 227-1, pp. 94-95.) Settlement Class Members will receive a set amount based on the size of container purchased and may receive an additional amount based on equipment damage. (Doc. 227-1, p. 16.) Both categories of payments are subject to a maximum amount, absent specific proof demonstrating additional purchases or more equipment damage. (Doc. 227-1, pp. 16-17.) If the Net Settlement Fund is insufficient to pay all valid claims, the final amounts will be reduced pro rata. (Doc. 227-1, p. 17.) Conversely, to the extent funds remain after full payment of the claims, additional payments will be made on a pro rata basis. (Doc. 227-1, p. 17.) Based on a preliminary evaluation, Plaintiffs believe each Settlement Class Member will receive approximately 50% of their valid claims. (Doc. 236, ¶ 18.) If any money remains in the Net Settlement Fund after a reasonable period following the distributions (because, for example, some Settlement Class Members decide not to cash the checks), that money will be paid to a *cy pres* recipient, Legal Aid of Western Missouri. (Doc. 227-1, p. 33.)

---

[1] All page numbers are those generated by the Court's CM/ECF system and may not correspond to the documents' original pagination.

Under the Amended Class Settlement Agreement, Defendants, to the extent available, agreed to provide the Settlement Administrator with the name and last-known contact information, including both mailing and email addresses, for all Settlement Class Members who purchased THF during the class period. (Doc. 227-1, p. 27.) The Settlement Administrator then sent a Mailed Class Notice to the last-known address of each Settlement Class Member; if an email address was provided, the Mailed Class Notice was also sent via email. (Doc. 227-1, pp. 27-28.) When mail was returned as undeliverable, the Settlement Administrator conducted an address search and, if possible, re-mailed the notice. (Doc. 227-1, p. 28.) In addition, the Settlement Administrator maintained a website that included downloadable copies of various documents, including the Long Form Notice and Claim Forms, and that allowed submissions by Settlement Class Members. (Doc. 227-1, p. 29.) The Settlement Administrator also maintained a toll-free telephone number and published notice in various media and at Defendants' stores. (Doc. 227-1, p. 29-30.) All Settlement Class Members who wished to object to the settlement or opt-out of the class were informed of the procedure for doing so via the Class Notices. (*See, e.g.*, Doc. 227-1, pp. 72, 89-90, 93.)

The Court held a Final Approval Hearing on March 9, 2023, at which the parties discussed the settlement. No class members objected, and only one individual opted out. Consequently, for the reasons and in the manner discussed below, the Court grants final approval of the settlement. It also grants Plaintiffs' request for service awards for Class Representatives and for attorneys' fees and expenses.

## II.  DISCUSSION

Having considered the submissions of the parties and the matters discussed at the Final Approval Hearing, the Court **FINDS** and **ORDERS** as follows:

1. The Settlement Agreement, including the exhibits thereto, is expressly incorporated by reference into this Final Approval Order and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Approval Order shall have the meanings set forth in the Settlement Agreement.

2. The Court has personal jurisdiction over the Defendants and all Settlement Class Members and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs' Fifth Amended Class Action Complaint, and to dismiss the Defendants from this Action on the merits and with prejudice.

3. The Court finds, for settlement purposes only and conditioned upon the entry of this Final Approval Order and upon the occurrence of the Effective Date, that the requirements for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, for settlement purposes, in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because Plaintiffs and Defendants are settling rather

than litigating, the Court need not consider manageability issues that might be presented by the trial of a statewide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has considered, among other factors: (i) the interests of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action for settlement purposes as a class action on behalf of:

> All persons and other entities who purchased NAPA *Quality* Tractor Hydraulic & Transmission Fluid, Warren 303 Tractor Fluid, Carquest 303 Tractor Hydraulic Fluid, Coastal 303 Tractor Fluid, and/or Lubriguard Tractor Hydraulic and Transmission Oil in the United States, its territories, and/or the District of Columbia, at any point in time from July 26, 2014 to present, excluding any persons and/or entities who purchased for resale. Also excluded from the Settlement Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

As defined in the Settlement Agreement, "Settlement Class Member(s)" means any member of the Settlement Class who does not elect exclusion or opt out from the Settlement Class pursuant to the terms and conditions for exclusion set out in the Settlement Agreement and Preliminary Approval Order.

5. The Court appointed as Class Counsel Tom Bender and Dirk Hubbard from the law firm Horn Aylward & Bandy, LLC in Kansas City, Missouri; Bryan White, Gene Graham, and Bill Carr from the law firm White, Graham, Buckley & Carr, L.L.C. in Independence, Missouri; and Clayton Jones of the Clayton Jones Law Firm in Raymore, Missouri. The Court finds that

Class Counsel have competently represented the Class and appropriately and capably exercised their responsibilities as Class Counsel. The Court designated the named Plaintiffs set forth on Appendix A to the Amended Class Settlement Agreement as the representatives of the Settlement Class. The Court finds that the named Plaintiffs and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Amended Class Settlement Agreement and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure. The Court confirms its appointment of each of the persons and entities listed on Appendix A to the Settlement as Settlement Class Representatives.

6. The Court finds that the notice provided to Settlement Class Members is in accordance with the terms of the Amended Class Settlement Agreement and this Court's Preliminary Approval Order, and as explained in the submissions filed before the Final Fairness Hearing:

(a) constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) their right to exclude themselves from the Settlement Class and the proposed settlement, (iii) their right to object to any aspect of the proposed Settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Class Counsel and Plaintiffs' representation of the Settlement Class, and the award of attorneys' fees, costs, and incentive awards), (iv) their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Approval Order in this Action, whether favorable or unfavorable, on all persons and entities who

6

Case 4:19-cv-00718-BP    Document 242    Filed 03/09/23    Page 6 of 14

do not validly and timely request exclusion from the Settlement Class;

(c) constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

(d) fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7. The terms and provisions of the Amended Class Settlement Agreement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Court finds that the Amended Class Settlement Agreement is fair, adequate, and reasonable based on the following factors, among other things:

(a) There is no fraud or collusion underlying this settlement, and it was reached after good faith, arms-length negotiations, warranting a presumption in favor of approval.

(b) The complexity, expense, and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits in a much shorter time frame than otherwise possible. Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed settlement.

(c) The support of Class Counsel, who are highly skilled in class action litigation such as this, and Plaintiffs, who have participated in this litigation and evaluated the

proposed settlement, also favor final approval.

8. The settlement provides meaningful relief to the Settlement Class, including the monetary relief as set forth in the Plan of Allocation, which is expressly approved by the Court, and falls within the range of possible recoveries by the Settlement Class.

9. The parties are directed to consummate the Amended Class Settlement Agreement in accordance with its terms and conditions. The Court hereby declares that the Amended Class Settlement Agreement is binding on all parties and Class Settlement Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

10. As described more fully in the Amended Class Settlement Agreement, Defendants have agreed to a Class Settlement Fund from which the Settlement Administrator will pay each Qualified Settlement Class Member an amount based on the Plan of Allocation, which considers each member's total purchases during the Class Period.

11. The parties' recommendation of Legal Aid of Western Missouri as a *cy pres* beneficiary is consistent with the gravamen of the lawsuit and shall be used to support the community through a disbursement of any uncashed checks and any undisbursed settlement funds. The Court approves Legal Aid of Western Missouri as a *cy pres* recipient of any residue in the Net Settlement Fund.

12. The Court has evaluated Plaintiff's request for fees in the amount of $3,530,330.00, representing one third of the Settlement Fund, and expenses in the amount of $133,729.79. (Doc. 234, ¶ 7.) When considering a fee request in a class action settlement, the Court may use a percentage of the benefit approach, which "permits an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation." *Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017) (quotation omitted). In assessing

whether to approve class counsel's request for a percentage of the benefit, the Court must analyze factors such as (1) the novelty and difficulty of the questions, (2) the amount of money involved, (3) the results obtained, (4) the time and labor required, and (5) the experience, reputation, and ability of the attorneys. *See, e.g.*, *Rawa v. Monsanto Co.*, 934 F.3d 862, 870 (8th Cir. 2019). Here, given the novel questions this case presented, the large amount of money involved, the good results obtained for the Settlement Class, the motion practice and discovery that required considerable time and effort by both sides, and the experience and reputation of Class Counsel, the Court finds that an award of attorneys' fees and expenses in the total amount of $3,530,330.00 (representing one third of the Settlement Fund) to Class Counsel is fair and reasonable and therefore approves such award. The Court also approves Plaintiffs' request for expenses, finding it is reasonable.

13. The Court awards partial incentive awards to each of the named Class Representatives set forth on Appendix A to the Amended Class Settlement Agreement and as specifically requested in Exhibit A to Plaintiffs' Application for Service Awards for Class Representatives and for Award of Attorneys' Fees and Expenses Related to Class Settlement, (Doc. 234-1). Pursuant to the Amended Class Settlement Agreement, $7,500 will be awarded to Class Representatives who were deposed, $5,000 will be awarded to Class Representatives who provided interrogatory responses; and $3,000 will be awarded to all other Class Representatives. (Doc. 227-1, pp. 15-16.) Plaintiffs further indicate some Class Representatives allowed Defendants to inspect their equipment and all Class Representatives assisted counsel in various ways, such as gathering facts as well as documents and contributing to the structure of the settlement. (Doc. 235, pp. 8-9.) "Courts often grant service awards to named plaintiffs in class action suits to promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits." *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017)

(quotation omitted). In assessing the request for service awards, the Court considers the following factors: "(1) actions the plaintiffs took to protect the class's interests, (2) the degree to which the class has benefitted from those actions, and (3) the amount of time and effort the plaintiffs expended in pursuing litigation." *Id.* Here, given the good results obtained for the Settlement Class and the participation of the Class Representatives in this litigation, the Court finds that the proposed service awards are appropriate and grants Plaintiffs' request.

14. The attorneys' fees, expenses, and incentive awards are to be paid out of the Class Settlement Fund. The Settlement Administrator shall pay such attorney's fees and expenses and Class Representative's partial incentive awards according to the schedule, and in the manner, described in the Settlement Agreement. Such payment will be in lieu of statutory fees Plaintiffs and their attorneys might otherwise have been entitled to recover from Defendants, and this amount shall be inclusive of all fees and costs of Class Counsel in the Action.

15. All claims in this Action are hereby dismissed with prejudice and without costs as against Defendants and the Released Parties (as that term is defined in the Settlement Agreement).

16. Upon the Effective Date, the Releasing Parties (as that term is defined in the Settlement Agreement) shall be deemed to have, and by operation of the Final Approval Order shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

17. Members of the proposed Settlement Class identified in the Opt-Out List, (Doc. 241), which is filed under seal, have opted out of, or sought exclusion from, the Settlement by the date set by the Court, and are deemed not to be Settlement Class Members for purposes of this Order, do not release their claims against the Released Parties by operation of the Amended Class Settlement Agreement, and will not obtain any benefits of the Settlement.

18. The Court orders that, upon the Effective Date, the Amended Class Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Members against Defendants. The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with, such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims against Defendants; (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims against Defendants.

19. Neither the Amended Class Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the settlement administration process, shall be:

(a) offered by any person or received against Defendants or any other Released Party as evidence, or be construed as or deemed to be evidence, of any presumption, concession, or admission by any Defendant or any other Released Party of the truth of the claims and allegations asserted, or which could have been asserted, by the Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any alleged liability,

negligence, fault, or wrongdoing of any Defendant or any other Released Party;

(b) offered by any person or received against Defendants or any other Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants or any other Released Party or any other alleged wrongdoing by any Defendant or any other Released Party.

20. Certification of the Settlement Class for settlement purposes only shall not be deemed a concession or admission that certification of a litigation class would be appropriate. Defendants reserve the right to challenge class certification in any other action. No agreements or statements made by Defendants in connection with the Settlement, or any findings or rulings by the Court in connection with the Settlement, may be used by Plaintiffs, Class Counsel, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other proceeding of any kind against Defendants.

21. The Court has jurisdiction to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court expressly retains exclusive and continuing jurisdiction over the Parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Amended Class Settlement Agreement and of this Final Approval Order, including, without limitation, for the purpose of:

(a) enforcing the terms and conditions of the Amended Class Settlement Agreement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Amended Class Settlement Agreement or this Final Approval Order

(including, without limitation: whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Approval Order; and whether persons or entities are enjoined from pursuing any claims against Defendants or any other Released Party);

    (b)  entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Approval Order and the Amended Class Settlement Agreement (including, without limitation, orders enjoining persons or entities from pursuing any claims against Defendants or any other Released Party), or to ensure the fair and orderly administration of the settlement; and

    (c)  entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Amended Class Settlement Agreement, the settling Parties, and the Settlement Class Members.

  22.  Without further order of the Court, the settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Amended Class Settlement Agreement.

  23.  In the event that the Effective Date does not occur, certification of this Settlement Class shall be automatically vacated and this Final Approval Order, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

### III. CONCLUSION

For these reasons, and as discussed above, Plaintiff's (1) Consent Motion for Final

Approval of Class Settlement Agreement, (Doc. 236), and (2) Application for Service Awards for Class Representatives and for Award of Attorneys' Fees and Expenses Related to Class Settlement, (Doc. 234), are **GRANTED**.

**IT IS SO ORDERED.**

Date: March 9, 2023

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT